UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| REGINALD L. HAIRSTON, | ) | CASE NO. 1:05 CV 2866 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | <u>MEMORANDUM OF OPINION</u> |
| DANIEL DUNLAP, et al., | ) | <u>AND ORDER</u> |
| | ) | |
| Defendants. | ) | |

On December 13, 2005, plaintiff <u>pro se</u> Reginald L. Hairston, an inmate at the Lake Erie Correctional Institution, filed the above-captioned action under 42 U.S.C. § 1983 against Lake County Sheriff Daniel Dunlap and Emmitt Rufus. The complaint alleges that plaintiff was stabbed by Rufus at the Lake County Detention Center, where both were inmates, in July 2005. It is further alleged that plaintiff was not taken to a hospital and did not see a doctor, but received a tetanus shot. For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915(e).

A district court is expressly required to dismiss any civil action filed by a prisoner seeking relief from a governmental officer or entity, as soon as possible after docketing, if the

court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; <u>Siller v. Dean</u>, No. 99-5323, 2000 WL 145167 , at *2 (6th Cir. Feb. 1, 2000).

As a threshold matter, there is no basis for federal jurisdiction with respect to plaintiff's claim again Rufus. Further, prisoners asserting cruel and unusual punishment must establish that prison officials have shown deliberate indifference to their needs. <u>Wilson v. Seiter</u>, 501 U.S. 294, 111 S.Ct. 2321 (1991).  Prison officials may not deprive inmates of the "minimal civilized measure of life's necessities."  <u>Rhodes v. Chapman</u>, 452 U.S. 337. 348 (1981).

It is well established that section 1983 will not support a claim based upon a theory of <u>respondeat superior</u> alone.  <u>Polk County v. Dodson</u>, 454 U.S. 312, 325 (1981).  Supervisory officials may be deemed liable for the unconstitutional actions of subordinates only when those actions are the result of official policies or customs. <u>Monell v. Dept. of Social Services</u>, 436 U.S. 658 (1978).  <u>Monell</u> extends to patterns of misconduct in which the supervisor acquiesced.  <u>Hays v. Jefferson County, Ky.</u>, 668 F.2d 869 (6th Cir. 1982).  <u>See also</u>, <u>Bellamy v. Bradley</u>, 729 F.2d 416, 421 (6th Cir. 1984) (requiring a showing that the supervisor encouraged the specific misconduct or in some way directly participated in it).

Even liberally construed, the complaint contains no

2

allegation directly connecting Sheriff Dunlap to the asserted violation of plaintiff's federally protected rights, or reasonably suggesting that he encouraged, acquiesced in, or established policies resulting in the violation of such rights.

Accordingly, this action is dismissed under section 1915A. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Dated: January 24, 2006         *s/       James S. Gwin*
                                JAMES S. GWIN
                                UNITED STATES DISTRICT JUDGE